SOPHIA BARRY *vs.* JANE ADAMS.

A deed of land in the actual adverse possession of another, under claim of title, is void, although the title by which such possession is held is bad, and the disseisor's original entry was by permission of the true owner.

WRIT OF ENTRY.  The demandant claimed title under a deed from Theodore A. Barry, dated May 28, 1859, and his title was derived through several mesne conveyances from Charles Brown, who owned the premises from 1840 to 1847.

Upon the trial in the superior court there was evidence that in 1840 Brown built a house upon the premises, and the tenant with her husband, who was Brown's brother in law, moved into it, and occupied it with her husband until his death in 1852, and has since occupied it with her family.  She never paid rent, and for six years prior to December 1860 paid the taxes and repairs, and claimed title to the premises.  Neither the demandant nor her immediate grantor have been in possession of the premises.

Upon this evidence, *Brigham*, J. ruled that the action could

not be maintained, and the jury returned a verdict for the tenant. The demandant alleged exceptions.

*W. Brigham,* for the demandant.

*G. A. Somerby,* for the tenant.

BIGELOW, C. J. At the time of the deed to the demandant from Theodore A. Barry in 1859, the tenant had been in possession of the premises for five years, claiming title thereto. Her occupation was adverse, and worked a disseisin of the person in whom the title by deed was vested. Although it is true that a seisin cannot be gained by the occupation of land by permission of the true owner, yet a person entering by such permission can deprive the owner of his seisin by open and unequivocal acts of disseisin. *Hall* v. *Stevens,* 9 Met. 418. In this case the occupation of the demanded premises for several successive years without payment of rent, the omission of those having the paper title to enter upon or take possession of the estate, the payment of taxes and repairs by the tenant for a series of years, and her possession of the premises under a claim of title in herself, were sufficient evidence that she had disseised the owner at the time of his grant to the demandant. By his deed, therefore, to the demandant he conveyed no title. Being disseised, he had only a right of entry, which he could not convey. The *St.* of 32 Hen. VIII. *c.* 9, which has been adopted as part of the common law of this commonwealth, rendered the conveyance of land by a person against whom it was adversely held null and void. A disseisee cannot convey a title. *Brinley* v. *Whiting,* 5 Pick. 348, 355. *Williams* v. *Jackson,* 5 Johns. 489, 500. *Warner* v. *Bull,* 13 Met. 4. 2 Washburn on Real Property, 596. Stearns on Real Actions, 29, 30. *Exceptions overruled.*